UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AUTOMOTIVE PROFIT BUILDERS, INC., )
                                   )
            Plaintiff,             )   Civil Action No.: MAGISTRATE JUDGE _____
                                   )
vs.                                )   04 - 10790 GAO
                                   )   RECEIPT # 55383
AUTOMOTIVE PROFIT BUILDERS, INC.,  )   AMOUNT $ 150
and PHILLIP P. WILLIAMS, d/b/a     )   SUMMONS ISSUED
AUTOMOTIVE PROFIT BUILDERS and/or APB, )   LOCAL RULE 4.1
                                   )   WAIVER FORM
            Defendants.            )   MCF ISSUED
                                   )   BY DPTY. CLK.
                                       DATE

### VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY

1.  The Plaintiff Automotive Profit Builders, Inc. ("APB-MA") is a corporation duly organized and existing under the laws of the State of Massachusetts engaged in trade or commerce with a place of business in Framingham, Massachusetts.

2.  The Defendant, Automotive Profit Builders, Inc., ("Defendant") is a Florida corporation with its principal place of business at 4044 Lake Mary Blvd., Suite 104, Lake Mary, Florida.

3.  The Defendant Phillip P. Williams, d/b/a Automotive Profit Builders and/or APB ("Williams") is an individual with a mailing address of 4044 Lake Mary Blvd., Suite 104, Lake Mary, Florida.

4.      Upon information and belief, the Defendant and Williams (hereinafter referred to collectively as "the Defendants") do business under one or more of the following assumed names, Automotive Profit Builders, Inc., Automotive Profit Builders and/or APB.

5.      The present action arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.* as amended by the Intellectual Property and Communications Omnibus Reform Act of 1999, Public Act 106-113; the Massachusetts Trademark Act, the Massachusetts Unfair Trade Practices Act, and Massachusetts common law.

6.      This Court has jurisdiction over the claim for violation of the federal trademark laws pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has pendent jurisdiction over the state law claims. Venue is proper under 28 U.S.C. § 1391(b).

7.      For over thirty six years, the plaintiff APB-MA has been extensively promoting its business of assisting automotive dealerships to sell and service automobiles, throughout North America and South America.

8.      In 1968, APB-MA adopted the name "Automotive Profit Builders" for its services and has been promoting such services in this state and elsewhere under the trade names and service marks Automotive Profit Builders, Inc., Automotive Profit Builders, and APB (collectively "trade names").

9.      APB-MA has also extensively promoted the Automotive Profit Builders trade name and service marks throughout the United States by reason of various national events which are conducted by APB-MA.

10. As a result of APB-MA's substantial advertising and promotional efforts, APB-MA has become widely known to consumers as the source of services and products bearing the trade names. The trade names are widely recognized by consumers as being associated with APB-MA's high quality services and has become synonymous with the goodwill and reputation of APB-MA.

11. APB-MA's trade names have also been widely recognized by automotive dealerships throughout North and South America, providing training, a teleconsulting support system, data collection, analysis and a structured plan for selling and servicing vehicles.

12. APB-MA has obtained federal registrations of various marks, including Automotive Profit Builders, Inc. A copy of the registration is attached hereto as Exhibit A.

13. APB-MA has also registered an internet site utilizing the name Automotive Profit Builders in an effort to ensure that persons seeking information concerning APB-MA could readily locate the appropriate home site on the Internet.

14. As shown on the attached advertisements (Exhibit B), the Defendants have advertised using the name Automotive Profit Builders, which appropriates the well known mark and trade name of APB-MA.

15. The Defendants have advertised, marketed, distributed and/or provided services which infringe APB-MA's rights.

16. As a result of the Defendants' use of the trade names, consumers and retailers are likely to confuse and will continue to confuse products and services offered by the Defendants with products and services offered by APB-MA.

17. On or about February 5, 2004, APB-MA sent a cease and desist letter to the Defendants (Exhibit C). The Defendants have refused to discontinue its trademark infringement.

18. The result of the Defendants' activities is to produce confusion.

19. APB-MA has not authorized the Defendants to utilize its trade name and mark in any manner.

20. The use of the Automotive Profit Builders trade names to advertise companies not associated with APB-MA is likely to produce confusion, and improperly suggest association or sponsorship or endorsement of the advertising entities by APB-MA.

21. The usage by the Defendants of Automotive Profit Builders constitutes commercial activity utilizing APB-MA's trade name and mark without authorization by APB-MA.

## FIRST COUNT
## TRADEMARK INFRINGEMENT

22. APB-MA repeats and realleges the allegations of paragraphs 1–21, above, as if fully set forth herein.

23. The Defendants' use of the registered trade names Automotive Profit Builders, Inc., Automotive Profit Builders and APB is likely to produce confusion, deception and mistake as to source, affiliation or sponsorship of the goods, services or activity set forth in advertisements or other marketing activities.

24. Such commercial usage by the Defendants constitutes an infringement of APB-MA's trademark rights in violation of 15 U.S.C. § 1114.

25. Such continued actions by the Defendants constitute willful and deliberate infringement of APB-MA's federally registered marks and warrant the award of increased damages and attorneys' fees in accordance with 15 U.S.C. § 1117.

26. APB-MA has suffered, and will continue to suffer, irreparable harm to its reputation and diminution of its good will unless the Defendants are enjoined by this Court.

## SECOND COUNT
### DILUTION OF FEDERALLY REGISTERED TRADEMARK

27. APB-MA repeats the allegations set forth in Paragraphs 1-26 of this Complaint as if fully set forth hereinafter.

28. The trade names Automotive Profit Builders, Inc., Automotive Profit Builders and APB are widely associated with APB-MA, and it is highly distinctive of APB-MA's services.

29. The usage of the trade names Automotive Profit Builders, Inc., Automotive Profit Builders and APB by the Defendants will dilute the exclusive recognition and trade upon APB-MA's reputation, all in violation of 15 U.S.C. § 1125(c).

30. APB-MA has suffered, and will continue to suffer, immediate and irreparable harm unless the Defendants are enjoined from such activities.

## THIRD COUNT
### TRADEMARK DILUTION UNDER STATE LAW

31. APB-MA repeats the allegations set forth in Paragraphs 1-30 of this Complaint as if fully set forth hereinafter.

32. The activities of the Defendants falsely suggest association with, or sponsorship by, APB-MA and constitute a violation of Massachusetts law.

33. APB-MA has suffered, and will continue to suffer, immediate and irreparable harm unless the Defendants are enjoined from such activities.

## FOURTH COUNT
## COMMON LAW TRADEMARK INFRINGEMENT

34. APB-MA repeats the allegations set forth in Paragraphs 1-33 of this Complaint as if fully set forth hereinafter.

35. The activities of the Defendants complained of constitute a violation of APB-MA's rights under the common law of the State of Massachusetts relating to trademark infringement and unfair competition.

36. APB-MA has suffered, and will continue to suffer, immediate and irreparable harm unless the Defendants are enjoined from such activities.

## FIFTH COUNT
## UNFAIR TRADE PRACTICES

37. APB-MA repeats the allegations set forth in Paragraphs 1-36 of this Complaint as if fully set forth hereinafter.

38. The activities of the Defendants complained of constitute unfair trade practices in violation of the Massachusetts Unfair Trade Practices Act.

39. APB-MA has suffered, and will continue to suffer, immediate and irreparable harm unless the Defendants are enjoined from such activities.

WHEREFORE, APB-MA prays that this Court grant the following relief:

1. A preliminary and permanent injunction precluding the Defendants from using APB-MA's marks Automotive Profit Builders, Inc., Automotive Profit Builders and APB in any manner, and from continuing any advertising or other marketing activities using those names.

2. Damages in an amount yet undetermined and statutory damages for the violation of violation of 15 U.S.C. § 1114.

3. Costs and reasonable attorneys' fees.

4. Such other and further relief as the Court shall deem just and appropriate.

AUTOMOTIVE PROFIT BUILDERS, INC.,

By Its Attorneys,

DAVIDS & SCHLESINGER, LLP

Ronald M. Davids
Amy J. Vesely
40 Washington Street – Suite 250
Wellesley, MA 02481
(781) 416-5055
BBO # 115110
BBO # 548204

Dated: 4·20·04

### VERIFICATION

I, Richard F. Libin, President of Automotive Profit Builders, Inc., being of sound mind and legal age, hereby state that I have personal knowledge of the facts alleged in the within Verified Complaint and that they are true and accurate, to the best of my knowledge.

Signed under the pains and penalties of perjury this ___ day of April, 2004.

Richard F. Libin