UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AUTOMOTIVE PROFIT BUILDERS, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: |
| ) | |
| vs. ) | 04-10790 GAO |
| ) | |
| AUTOMOTIVE PROFIT BUILDERS, INC., ) | |
| and PHILLIP P. WILLIAMS, d/b/a ) | |
| AUTOMOTIVE PROFIT BUILDERS and/or APB ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF
THE PLAINTIFF'S MOTION FOR A
<u>PRELIMINARY INJUNCTION</u>**

Introduction

The plaintiff Automotive Profit Builders, Inc. ("APB-MA") has federally registered the trade name "Automotive Profit Builders, Inc.". The defendants, Automotive Profit Builders, Inc. and Phillip P. Williams, d/b/a Automotive Profit Builders and/or APB (hereinafter referred to collectively as "the Defendants") are using this federally protected name to advertise, market, distribute and/or provide services to the same marketplace as APB-MA. As a result of these actions, consumers and retailers have confused and will continue to confuse products and services offered by the Defendants with products and services offered by APB-MA. It is clear that APB-MA will continue to suffer immediate and irreparable harm if the Defendants are not enjoined

immediately from advertising, marketing, distributing and/or providing services under the name Automotive Profit Builders, Inc. Accordingly, APB-MA requests that the Court issue a preliminary injunction that will prohibit the Defendants from advertising, marketing, distributing and/or providing services under the names Automotive Profit Builders, Inc., Automotive Profit Builders, and APB.

## Pertinent Facts

For over thirty six years, APB-MA has been extensively promoting its business of assisting automotive dealerships in selling and servicing automobiles, throughout North America and South America. In 1968, APB-MA adopted the name Automotive Profit Builders for its services and has been promoting such services in this state and elsewhere under the trade names and service marks Automotive Profit Builders, Inc., Automotive Profit Builders, and APB (collectively "trade names"). APB-MA has also extensively promoted the Automotive Profit Builders trade name and service marks throughout the United States by reason of various national events which are conducted by APB-MA.

As a result of APB-MA's substantial advertising and promotional efforts, APB-MA has become widely known to consumers as the source of services and products bearing the trade names. The trade names are widely recognized by consumers as being associated with APB-MA's high quality services and has become synonymous with the goodwill and reputation of APB-MA. APB-MA's trade names have also been widely recognized by automotive dealerships throughout North and South America, providing training, a teleconsulting support system, data collection, analysis and a structured plan for selling and servicing vehicles.

APB-MA has obtained federal registrations of various marks, including Automotive Profit Builders, Inc. APB-MA has also registered an internet site utilizing the name Automotive Profit Builders in an effort to ensure that persons seeking information concerning APB-MA could readily locate the appropriate home site on the Internet.

The Defendants have advertised using the name Automotive Profit Builders, which appropriates the well known mark and trade name of APB-MA. The Defendants have advertised, marketed, distributed and/or provided services which infringe APB-MA's rights. As a result of the Defendants' use of the trade names, consumers and retailers have confused and will continue to confuse products and services offered by the Defendants with products and services offered by APB-MA.

## Argument

To prevail on a motion for a preliminary injunction, the moving party has the burden of proving: "(1) a likelihood of success on the merits at trial; (2) that irreparable harm will result from the denial of the injunction; and (3) that the plaintiff's irreparable harm outweighs any harm the opposing party would suffer if the injunction were granted." Tri-Nel Management, Inc. v. Board of Health of Barnstable, 423 Mass. 217, 219 (2001); Packaging Industry Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980). The plaintiff need not wait until the actual harm occurs, it must show that "without the requested relief, it may suffer a loss of right that cannot be vindicated should it prevail after a full hearing on the merits." Packaging Industry Group, Inc. v. Cheney, 380 Mass. at 616.

Here, the Defendants are attempting to market, distribute and provide services under a federally protected trade name and, if permitted to do so, will confuse APB-MA's available market of clients and retailers and affect the marketplace available to APB-MA. Moreover, if the Defendants are permitted to market, distribute and provide services under the name Automotive Profit Builders, it will eliminate any potential opportunities for APB-MA with clients who have been confused by the two entities and have chosen to give their business to the Defendants, believing them to be APB-MA. The only way to prevent the harm this would cause to APB-MA is to enjoin the Defendants from using this trade name.

## Conclusion

For the foregoing reasons, APB-MA respectfully requests that a preliminary injunction issue to prevent the Defendants from advertising, marketing, distributing and/or providing services under the trade name "Automotive Profit Builders, Inc.", "Automotive Profit Builders" or "APB".

AUTOMOTIVE PROFIT BUILDERS, INC.,

By Its Attorneys,

DAVIDS & SCHLESINGER, LLP

Ronald M. Davids
Amy J. Vesely
40 Washington Street – Suite 250
Wellesley, MA  02481
(781) 416-5055
BBO # 115110
BBO # 548204

Dated: 4·20·04